ROBERT S. BREWER, JR.
United States Attorney
NELSON F. CANDELARIO, JR.
Assistant United States Attorney
California Bar No. 330402
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone (619) 546-89613

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20-CR-3240-AJB |
|---|---|
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| ILLIANA LALLI, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Robert S. Brewer, Jr., United States Attorney, and Nelson F. Candelario, Jr., Assistant United States Attorney, and defendant ILLIANA LALLI, with the advice and consent of David L. Baker, counsel for defendant, as follows:

//
//
//
//
//
//
//

NFC:am:12/21/20

Def. Initials _____

I

**THE PLEA**

Defendant agrees to waive Indictment and plead guilty to a Superseding Information charging defendant with:

On or about September 22, 2020, within the Southern District of California, defendant ILLIANA LALLI, in a matter within the jurisdiction of the United States Department of Homeland Security, a department and agency of the United States, did knowingly and willfully make false, fictitious and fraudulent statements and representations as to material facts, in that defendant did represent and state to a Department of Homeland Security, U.S. Border Patrol Agent that she did not know who owned the $2,000 found in the vehicle she was driving, and that money did not belong to her, whereas in truth and fact, as defendant then and there well knew, those statements and representations were false, fictitious and fraudulent when made; in violation of Title 18, United States Code, Section 1001.

II

**NATURE OF THE OFFENSE**

A.  ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. Defendant made a false statement in a matter within the jurisdiction of the Department of Homeland Security, an agency of the executive branch of the Government of the United States;

2. Defendant acted willfully; that is, defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

3. The statement was material to the activities or decisions of the Department of Homeland Security; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

//
//
//

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On September 22, 2020, Border Patrol Agent (BPA) Bak-Sklener stopped Defendant on Interstate 8 near Boulevard, California for suspected immigration violations. While speaking to defendant, Agent Bak-Sklener located $2,000 in the driver's door of the vehicle defendant was driving. When asked if the money was hers, the defendant knowingly and willfully told the BPA that the money was not hers and that she did not know who the money belonged to.

2. Defendant knew that her statement was a false, fictitious, and fraudulent material statement, in that she knew that an individual known to her had given her the money in exchange for her delivering methamphetamine to another person. Defendant knew that making a false statement to the BPA was unlawful.

3. At the time the BPA encountered the defendant, concealed within the vehicle was approximately 8.1 kilograms (17.99 pounds) of methamphetamine, a Schedule II Controlled Substance. Although Defendant was not aware of quantity or type of narcotics, Defendant knew there was a federally controlled substance present in the car, and she intended to deliver them to another person.

4. Defendant's false statements and representations had a natural tendency to influence, or were capable of influencing, the BPA's decisions or activities. BPAs are charged with safeguarding the United States' borders, including patrolling the areas at and around international borders and conducting anti-smuggling investigations. Defendant's false statements about who the money belonged to and the purpose of the money was material to the BPA's decision to conduct further investigation.

5. The United States Border Patrol is part of the Department of Homeland Security, which is part of the executive branch of the Government of the United States.

3

Def. Initials _____
20CR3240-AJB

III

**PENALTIES**

The crime to which Defendant is pleading guilty carries the following penalties:

A. A maximum 5 years in prison;

B. A maximum $250,000 fine;

C. A mandatory special assessment of $100 per count; and

D. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that, because Defendant is not a citizen of the United States, Defendant's conviction in this case may have adverse immigration consequences, including Defendant's removal or deportation from the United States. Defendant

4

Def. Initials _____
20CR3240-AJB

may also be denied United States citizenship and admission to the United States in the future.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

Def. Initials _____
20CR3240-AJB

    B.    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

    C.    No one has threatened defendant or defendant's family to induce this guilty plea.

    D.    Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits

the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures. The parties agree that the factual basis above establishes a more serious offense than the offense of conviction—namely, possession with intent to distribute—and therefore agree to apply the guideline applicable to the more serious offense under USSG § 1B1.2(c).

|     |                                                    |        |
| --- | -------------------------------------------------- | ------ |
| 1.  | Base Offense Level [USSG § 2D1.1]                  | 38*    |
| 2.  | Acceptance of Responsibility [USSG § 3E1.1]        | -3     |
| 3.  | Departure for Fast Track [§ 5K3.1]                 | -4**   |

* The actual Base Offense Level (BOL) cannot be determined until a laboratory has weighed and performed a chemical analysis of the substance, so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with the results of the laboratory testing. If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, the defendant will be ineligible for any role reduction.

**The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. **FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553**

Defendant request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. **NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY**

The parties have no agreement as to defendant's Criminal History Category.

E. **"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION**

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. **PARTIES' RECOMMENDATIONS REGARDING CUSTODY**

The Government agrees to recommend the greater of: the low end of the advisory Guidelines range as calculated by the Government after incorporating a downward variance under 18 U.S.C. § 3553(a) that is the equivalent of two levels under the Sentencing Guidelines,[1] the statutory mandatory minimum sentence, if applicable, or the time served in custody at the time of sentencing.

G. **SPECIAL ASSESSMENT, FINE, RESTITUTION, FORFEITURE**

   1. Special Assessment: The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid

---

[1] This variance is for Defendant's waiver of indictment during the judicial emergency declared in Orders of the Chief Judge 18, *et seq.*, as well as Defendant's waiver of any claim that this prosecution violates any prompt presentment or Speedy Trial Act provisions, including Fed. R. Crim. P. 5 and 5.1 and 18 U.S.C. § 3161.

Def. Initials ____
20CR3240-AJB

forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. <u>Fine</u>: The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H. <u>SUPERVISED RELEASE</u>

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

XI

<u>**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**</u>

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are: (i) defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence); and (ii) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant

appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence

11

Def. Initials _____
20CR3240-AJB

than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

//
//


## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

1/19/21
DATED

NELSON F. CANDELARIO, JR.
Assistant U.S. Attorney

1/18/21
DATED

DAVID L. BAKER
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

1/18/21
DATED

ILLIANA LALLI
Defendant

*I have reviewed this agreement in it's entirety with Ms. Lalli. Ms. Lalli swears the facts in the Factual Basis are all true and correct.*

Approved by:

s/Colin McDonald
COLIN MCDONALD
Assistant U.S. Attorney

14

Def. Initials ____
20CR3240-AJB